IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CV 14-0540 JH/WPL
                                                       CR 03-1566 JH

ANTHONY ORTEGA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 33) filed on May 14, 2014. The Court will dismiss the § 2255 motion.

On February 7, 2006, this Court entered judgment (CR Doc. 27) on Defendant's conviction. On December 18, 2006, the Court of Appeals for the Tenth Circuit dismissed Defendant's appeal (CR Doc. 30). He did not seek certiorari review, and thus his conviction became final 90 days later in mid-March, 2007. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Defendant filed the current motion more than seven years later on June 19, 2014. He argues that his sentence was incorrectly enhanced and is thus illegal.

Defendant's § 2255 motion faces the initial hurdle of the statute's one-year limitations period. *See* § 2255(f). Typically, when the Court raises the time bar to a § 2255 motion *sua sponte*, the defendant is allowed an opportunity to respond. Here, however, Defendant's motion expressly addresses the timeliness issue, based on certain provisions of § 2255(f). This subsection allows re-starting the one-year limitations period where, as pertinent here, the Supreme Court initially and retroactively recognizes the right that the defendant asserts under § 2255, *see*

§ 2255(f)(3), or where a defendant discovers facts supporting the claim, *see* § 2255(f)(4).

Defendant rests his timeliness argument on the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), which ruled that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Defendant argues, first, that the decision in *Descamps* "g[a]ve rise to the fact petitioner prior predicate offenses were misapplied," citing § 2255(f)(4). A change in the law, however, does not amount to "new facts in his case that could not have been discovered." *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). "[A] Circuit[] decision . . . did not create a "fact" supporting [Defendant]'s claim, but rather established the legal ground for his claim." *Tellado v. United States*, 799 F. Supp. 2d 156, 163 (D. Conn. 2011), *aff'd*, 745 F.3d 48, 52, 56 (2d Cir. 2014). Defendant also argues, alternatively under § 2255(f)(3), that *Descamps* recognized as a new right his claim that his prior convictions were improperly characterized as crimes of violence. The limitations period for his motion thus accrued, according to Defendant, when the Court decided *Descamps* on June 20, 2013.

As noted above, the *Descamps* decision did not constitute a "new fact" and does not support relief under § 2255(f)(4). Furthermore, Defendant's timeliness argument also fails on the first requirement in § 2255(f)(3). This subsection allows restarting of the limitation period only if the Supreme Court's recognition of a right amounts to a "[n]ew *substantive* rule[]," *Schriro v. Summerlin,* 542 U.S. 348, 351 (2004) (italics in original), and the new right is "made retroactively applicable to cases on collateral review," § 2255(f)(3). Defendant asserts that *Descamps* announced "a watershed [procedural] rule . . . [that] can still be retroactive." To the contrary, as stated by the Court of Appeals for the Tenth Circuit, "[t]he *Descamps* opinion simply applied existing doctrine." *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014). The ruling

"merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."  *Descamps v. United States*, 133 S. Ct. at 2285, *quoted in Montes*, 570 F. App'x at 831.   Because *Descamps* did not announce a new substantive rule, the decision does not satisfy the criteria in § 2255(f)(3), and thus Defendant did not gain additional time to file his § 2255 motion.   His claims under § 2255 are subject to the original limitations period that accrued when his conviction became final in 2007.   The motion is untimely and will be dismissed.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 33) is DISMISSED as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE