IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY ORTEGA,

    Plaintiff,

v.                                                                                       No. CV 15-0610 JH/GBW
                                                                                                               CR 03-1566 JH

UNITED STATES OF AMERICA
,
    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 37) filed on July 13, 2015.  Also before the Court is Defendant's Application to Proceed In Forma Pauperis ("IFP") (CV Doc. 2; CR Doc. 38). Defendant has previously been found indigent (CR Doc. 2), and thus the IFP motion is moot.  For the reasons below, Defendant's § 2255 motion will be dismissed for lack of jurisdiction.

On February 7, 2006, this Court entered judgment (CR Doc. 27) on Defendant's conviction under 18 U.S.C. §§ 922(g)(1), 924(a)(2) for being a felon in possession of a firearm and ammunition.  He was sentenced as an armed career criminal because he had three prior convictions for violent felonies.  (CR Doc. 30 at 2-3.).  On December 18, 2006, the Court of Appeals for the Tenth Circuit dismissed Defendant's appeal (CR Doc. 30).  He did not seek certiorari review, and thus his conviction became final 90 days later in mid-March, 2007.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that conviction becomes final ninety days after court of appeals affirms).  Defendant filed his first § 2255 motion (CV Doc. 1; CR Doc. 33) more than seven years later on May 14, 2014.  The Court dismissed that motion as untimely (CR

Doc. 35). Defendant asserts in his current § 2255 motion that, under the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), at least one of his prior convictions no longer qualifies as a violent crime. He argues that *Johnson* applies retroactively to his sentence, and he asks to be re-sentenced.

Although Defendant's conviction became final in 2007, he contends that his § 2255 motion is timely under the provisions of § 2255(f)(3)-(4). Before Defendant's timeliness issue is addressed, however, his motion faces the initial hurdle of the statutory restriction on second or successive motions. *See* § 2255(h). As the Court of Appeals stated in an appeal from the dismissal of an earlier § 2255 proceeding in this Court, "[Defendant] points out that he is relying on § 2255(f)(4). But § 2255(f) does not allow him to evade § 2255(h)'s restrictions. Rather, he must meet *both* subsections' requirements." *United States v. Johnson*, 594 F. App'x 557, 558 (10th Cir. 2015) (citing *Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011)). Defendant's current motion--timely or not--is clearly a second or successive collateral attack on his sentence that may not be adjudicated without certification from the Tenth Circuit. *See* § 2255(h).

Because Defendant's motion has not been certified, it will be dismissed for lack of jurisdiction.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). One of the factors that a district court should consider in determining whether to transfer or dismiss an initial pleading is whether the movant's claims "are likely to have merit," *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006). Here, "[t]he Supreme Court has not held in one case, or in a combination of holdings that dictate

2

the conclusion, that the new rule of constitutional law announced in *Johnson* is retroactive to cases on collateral review." *In re Gieswein*, --- F.3d ---, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015) (per curiam).   Because the Supreme Court and the Tenth Circuit have rejected the use of the decision in *Johnson v. United States* as the basis for a second or successive § 2255 motion, under the rule in *Cline* the Court will dismiss Defendant's § 2255 motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Application to Proceed In Forma Pauperis (CV Doc. 2; CR Doc. 38) is DENIED as moot;

IT IS FURTHER ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 37) filed on July 13, 2015, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE